# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | )<br>)<br>) Case No. 2:00CR10067<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **RICHARD A. ORR**, | ) By: James P. Jones<br>) Chief United States District Judge |
| Defendant. | ) |

*Richard A. Orr, Pro Se Movant.*

The defendant, sentenced in 2001, seeks to correct what he terms are errors in his presentence investigation report ("PSR"). For the reasons stated, his motion will be denied.

Richard A. Orr was convicted of firearms charges in this court and sentenced to imprisonment on June 18, 2001. He appealed and his convictions were affirmed. *United States v. Orr*, No. 01-4500, 2001 WL 1346288 (4th Cir. Nov. 1, 2001) (unpublished). He later sought relief pursuant to 28 U.S.C.A. § 2255 (West 2006), which was denied. *Orr v. United States*, No. 7:02CV01101 (W.D. Va. May 19, 2004), *appeal dismissed*, 114 F. App'x 579 (4th Cir. 2004) (unpublished). He filed a second § 2255 motion, which was denied as successive. *Orr v. United States*, No. 7:07CV00028 (W.D. Va. Feb. 1, 2007).

In his present motion, Orr requests a correction of certain errors that he contends were contained in the PSR prepared in advance of his sentencing, the principal one being the basis for a four-level enhancement of his offense level.[1] Because that was a substantive matter, however, and not an error resulting from clerical mistake or oversight, it is not subject to correction at this time. *See United States v. Conklin*, No. 1:03CR00096, 2007 WL 4358343, at *2 (W.D. Va. Dec. 12, 2007) ("To the extent that such errors [in the PSR] occurred, they are substantive legal errors and may not be corrected under Rule 36.").

The other alleged errors, even if clerical in nature, are insubstantial and do not justify relief.

For the reasons stated, the defendant's motion (#62) is DENIED.

ENTER: June 19, 2008

/s/ JAMES P. JONES
Chief United States District Judge

---

[1] Orr relies on Federal Rule of Civil Procedure 60(a), which allows correction of clerical mistakes, oversights, and omissions in the record, but because this is a criminal case, the applicable rule would be Federal Rule of Criminal Procedure 36.